LOTTINGER, Judge.
This matter is before us on an appeal taken by the defendants in a boundary suit from a judgment rendered against them and in favor of the plaintiffs.
The trial Judge favored us with written reasons for judgment which so painstakingly and thoroughly analyzed the issues presented that we adopt them as our own, viz.:
“This is an action in boundary. Plaintiff, Howard J. Colgin, owns the following property:
“That certain tract or parcel of land, lying and being situated in the City of Morgan City, Parish of St. Mary, State *822 of Louisiana, and more fully described as being lots Number One (1) and Two (2) in Square Letter ‘B’ of Evans-Dupuis Sub-division to said City of Morgan City, Louisiana, and said lots herein conveyed each having a front of forty-seven and one-quarter (47}40 feet on the East side of Federal Avenue, by a depth between parallel lines of one hundred and twenty-five (125') feet and bounded on the West by Federal Avenue, North by Bowman Street, East by Lot No. 3, of said Square ‘B’, and South by property owned by Andrew Arceneaux.
“Defendants, Andrew J. Arceneaux and Natalie Boudreaux Arceneaux own the adjoining property to the South, described as follows:
“That certain lot or parcel of land lying and being situated in the corporate limits of the City of Morgan City, Parish of St. Mary, State of Louisiana, known, designated and described as follows: Fronting thirty-four feet six inches (34' 6") on the East side of Federal Avenue in said City, and with such frontage extending back one hundred and twenty-five (125') feet between parallel lines, and bounded on the North by Evans and Dupuis Subdivision to the City of Morgan City, on the South by property of the Brownell-Drews Lumber Company, Ltd., on the East by property now or formerly of Storms, and on the West by Federal Avenue.
“Plaintiff alleges in his petition that the boundary line between his property and that of the defendants has never been fixed and determined as provided by law; that although he requested the defendants to agree to have a survey made at their joint expense so as to establish this boundary line amicably, the defendants have refused so to do and hence the necessity for this suit.
“By an order dated July 5, 1956, this Court, pursuant to the prayer of Plaintiff’s petition, that a surveyor be appointed by the Court and sworn to make a survey to determine the boundary line between the property of Plaintiff and Defendants, appointed Lee B. Delaune to make the required survey.
“On July 21, 1956, Defendants filed a motion to rescind the order of Court dated July 5, 1956, appointing Mr. Lee B. Delaune to make the survey to determine the location of the disputed boundary line on the grounds that:
“1. The surveyor appointed by the Court was incompetent to serve in that capacity as he had previously made a private survey for the plaintiff, and
“2. The lines sought to be established had already been established by a Mr. Kraemer, a competent surveyor, and accepted as correct by plaintiff.
“This motion was referred to the merits by the trial judge.
“In due course Mr. Lee B. Delaune, the court appointed surveyor, made the desired survey and submitted to the Court a written report of his actions and a plat showing his location of the boundary line to be fixed by the Court.
“A rule to show cause why the report and plat of Mr. Delaune should not be homologated was, at the instance of Plaintiff issued on December 7, 1956, and, on April 1, 1957, upon joint motion of the parties to the suit the following order was entered:
“ ‘It is ordered that the survey and plat thereof made by Lee B. Delaune, pursuant to order of this Court, be homologated and filed; said survey and plat thereof to be admissible in evidence as to form and correctness of formal procedure followed in making same, reserving all other rights to either party to object thereto upon any other grounds.
“ ‘It is further ordered that said survey and plat thereof shall not be con *823 sidered prima facia correct by virtue of this order, nor shall it carry any presumptive weight upon the trial of this case, and both partie’s shall be free to contradict or alter the boundary line located by said survey, by any competent evidence.’
“On April 3, 1957, Defendants filed their answer to Plaintiff’s petition admitting the ownership of the lands involved as alleged in Plaintiff’s petition and generally denying all other pertinent allegations thereof. Further answering Defendants allege that the survey made by Mr. Delaune is incorrect, that the boundary line between the properties of Plaintiff and Defendants was established by a Mr. Kraemer in the year 1943, which line was re-run in the year 1955, after which it was accepted as correct by Plaintiff. Defendants further plead the prescription of ten years to maintain the boundary line as fixed by Mr. Kraemer in the year 1943, and claim title to the land South of the line fixed by Mr. Theo Kraemer by possession of more' than ten years.
“By a preponderance of the evidence the following facts concerning the title to the property sought to be separated were established:
“1. By a deed dated June 29, 1897, and recorded July 27, 1897, Lydia L. Eccles, et al., sold to Davis Egle the South Half and to Andre Adams the North half of the following described properties:
“ ‘Those certain tracts of land lying and being situated in the Parish of St. Mary, State of Louisiana, and forming a part of what is known as Tiger Island Plantation known, designated and described as follows, to-wit:
“ ‘A tract of land containing One and one sixth (1%) acres more or less, bounded on the North by lands of Lawrence, on the East by public road, South by lands of A. Terrebonne, and West by Berwick Bay, and measuring Two hundred and forty four (244) feet more or less from public road to Ber-wick Bay, and having a front of Two hundred and nine (209) feet on said public road & Bay.
“ ‘A tract of land containing twelve (12) acres more or less, bounded on the North by lands of Lawrence, on the East by boundary line of Section number Two (2) Township Sixteen (16) S.R. Twelve (12) East, on the South by lands of A. Terrebonne and on the West by the Public Road, and running the entire depth whatever it may be from the public road to the line of Section number Two (2) aforesaid. Making a total of Thirteen 14 (1354) acres more or less.’
“2. By act dated May 11, 1903, recorded May 12, 1903, Andre Adams donated for the use as part of a public road or way a strip of land ten feet in width extending from the East side of the public road along the margin of Berwick Bay and running in an Easterly direction, along the Northern boundary of the land above described, acquired by him from Lydia L. Eccles, et al., to the Eastern boundary line of Section Two, Township 16 South, Range Twelve East.
“3. The ten foot strip of land donated by Andre Adams for a public road on May 11, 1903, is the South half of what is now known as Bowman Street.
“4. The Evans-Dupuis Subdivision was carved out of and from the North Half of the tract of land sold by Lydia L. Eccles, et al., to Andre Adams and Davis Egle containing twelve acres, more or less, and measures ninety-five and one-half feet in width by a depth of one thousand five hundred and fourteen feet, including Federal Avenue, which has a width of one hundred and twenty-five feet. The East line of this *824 Subdivision is Section Two of Township 16 South, Range 12 East (See Exhibits P-2 and P-7). Its North line is the South line of Bowman Street and its South line is the line dividing in half from East to West the twelve acres of land, more or less, acquired by Adams and Egle from Lydia L. Eccles, et al.
“This latter line divides the properties of Plaintiff and Defendants.
“5. By mesne conveyances Plaintiff Howard Colgin acquired September 24, 1945,' a portion of the land above described and acquired by Andre Adams from Lydia L. Eccles, et al., on June 29, 1897, which portion measures ninety-four and one-half feet in width by depth of one hundred and twenty-five feet and is described as follows:
“ ‘That certain tract or parcel of land, lying and being situated in the City of Morgan City, Parish of St. Mary, State of Louisiana, and more fully described as being Lots Number One (1) and Two (2) in Square Letter “B” of Evans-Dupuis Sub-division to said City of Morgan City, La., said lots herein conveyed each having a front of Forty-seven and one-quarter (47}4) feet on the east side of Federal Avenue, by a depth between parallel lines of One Hundred and Twenty-five (125) feet and bounded on the west by Federal Avenue, North by Bowman Street, east by Lot No. 3, of said Square “B”, and south by property owned by Andrew Arceneaux.’
“6. The southern boundary line of the property of Plaintiff Howard Col-gin is the southern boundary line of the land acquired by Andre Adams from Lydia Eccles, et al., and the Northern boundary line of the property acquired by Davis Egle from the same source and is also the Northern boundary line of the property of Defendants Andre and Natalie B. Arcen-eaux. “7. Federal Avenue, which runs in a Northerly and Southerly direction, runs through and across the properties acquired by Adams and Egle from Lydia Eccles, et al., and is one hundred and twenty-five feet wide. The properties of both plaintiff and defendants, are bounded on the West by this. Avenue.
“8. The Northern twenty-five feet, of what is now known as Egle Street: were taken from the Southern portion-, of the tract of land acquired by Davis. Egle from Lydia Eccles, et al., which,, theoretically would leave a portion.: of land with a width of seventy-nine- and one-half feet from the Northern-, edge of Egle Street to the Northern-boundary line of the Davis Egle tract, and the Southern boundary line of the: Andre Adams tract.
“9. The title of the Defendants calls-for a property having a width of' thirty-four and five-tenths feet on Federal Avenue by a depth of one: hundred and twenty-five feet.
“10. Between the property of the-Defendants and Egle Street lies the-property of Sidney Raymond. His title-calls for a property measuring fifty feet front on Federal Avenue by a¿ depth of one hundred and twenty-five-feet.
“11. From the foregoing facts it would appear that, if the title calls in-the Defendants’ deed and in the deed of' Sidney Raymond are given effect, the-North line of the property of Defendants would encroach on the lot of Plaintiff Howard Colgin at Federal! Avenue five feet.
“As above indicated the title from-the common author of Andre Adams and Davis Egle calls for a tract of land' having a width of two hundred and nine feet of which Andre Adams acquired the North half measuring in. width one hundred and four and one- *825 half feet and Davis Egle the South Half, also measuring in width one hundred and four and one-half feet. Andre Adams donated for a public way (now Bowman Street) a portion ■of the land so acquired by him measuring ten feet in width which left him a tract of land measuring ninety-four and one-half feet in width while Davis Egle donated for a public way (now Egle Street) a portion of the land so acquired by him measuring twenty-five feet in width which left him a tract of land measuring seventy-nine and one-half feet in width. From these observations it becomes clear that the successors in title to Davis Egle cannot en-' croach upon the land formerly belonging to Andre Adams irrespective of their title call.
“From the foregoing, it becomes clear that the main question ■ at issue is the true location of the line separating the tracts of land respectively acquired by Andre Adams and Davis Egle from Lydia L. Eccles, et al., by deed dated June 29, 1897.
“Plaintiff bases his case on the survey made December 16, 1956, by Lee B. Delaune, the surveyor appointed by the Court and his testimony in support thereof. (See proces verbal filed December 7, 1956, plat marked Exhibit P-4, and Transcript, pages 1 through 20 and 53 through 58). Defendants dispute the correctness of the Delaune survey and rely upon a survey made by J. C. Thomas November 7, 1955, and his testimony in reference thereto. (See plat marked D-3 and Transcript, pages 30 through 53). According to notation on plat marked D-3, the survey of J. C. Thomas was checked and approved by T. F. Kraemer, civil engineer and surveyor, with whom Thomas worked. T. F. Kraemer did not testify at the trial.
“The procedure followed by Mr. Delaune in making his survey appears to be more logical and more apt to produce the ideal boundary line between the properties of Plaintiff and Defendants than that followed by Mr. Thomas.
“Because of fences which impaired measurements Mr. Delaune established a base line 5.5 feet North of the South side of Bowman Street. In establishing this base line he used a concrete post located on the North line of Shannon Plousing project (this point is indicated by the letter ‘G’ on Plaintiff Exhibit 3, and by the letters ‘CP’ on Plaintiff Exhibit 4) which admittedly is on the dividing line between the Evans-Dupuis Sub-division and the Housing Project (See testimony of J. C. Thomas, Transcript, page 37) and two other points which from all indications appear to have been established by or at least approved by Mr. T. F. Kraemer, namely the Northwest corner of E. J. Campbell property (Point A prime on Plat p-4) and the Southwest corner of the intersection of Federal Avenue and Belanger Street (Point indicated by ‘X’ on Plat P-4).
“According to his report of survey and testimony, Mr. Delaune established his base line by running a line along the lot line from the monument located at the Northeast corner of the Housing Project to a point 5.5 feet North of the South line of Bowman Street, which point is marked ‘E’ on plaintiff Exhibit 4, by running a line from the Southwest corner of the intersection of Federal Avenue and Belanger Street, which point is marked ‘X’ on Plaintiff Exhibit 4, in a southerly direction according to title calls 354.5 feet to a point 5.5 feet North of the South line of Bowman Street and on the West line of Federal Avenue, which point is marked ‘B’ on Plaintiff Exhibit 4, by running a line in a Northerly direction on the West line of E. J. Campbell property from its Southwest corner (incorrectly shown as Northwest cor *826 ner) to a point 5.5 feet North of the South line of Bowman Street, which point is marked ‘A’, ‘B’ and ‘E’. In a sale such as was made by Lydia L. Eccles, et al., to Davis Egle and Andre Adams the presumption is that the side lines are parallel. See Minor v. Daspit, 128 La. 33, 54 So. 413. Moreover, Exhibit Plaintiff 7, which was recorded April 8, 1904, and which purports to be a diagram of Bowman and Smith subdivision, indicates that the North and South lines of the tract of land sold by Lydia Eccles, et al., to Adams and Egle are parallel to each other. This fact is also indicated by the plat marked P-2, according to which, there is no doubt, the sales of lots in the Evans-Dupuis Subdivision, including the sale to Plaintiff Colgin were made by the original and subsequent owners thereof. Defendants have not offered any evidence to prove the contrary. After establishing the North line of Plaintiff’s property Mr. Delaune proceeded to establish its East and West lines by running these lines perpendicular to and 94.5 feet from its North line. After this was done the South line was established by a straight line from the Southwest corner thereof to the Southeast corner thereof.
“According to Mr. Delaune’s testimony the South line of Bowman Street as established by him was within one inch of an existing iron pipe which locates the Northwest corner of the Colgin property according to a map of Evans-Dupuis Subdivision marked Plaintiff Exhibit 2 (See Transcript, page 9).
“While the method used by Mr. De-laune in making his survey appears to be correct, that used by Mr. Thomas does not. His entire testimony and particularly that shown at pages 37, 38, 39 and 40 of the Transcript of Evidence discloses this fact. Besides, he does not reconcile the combined distances of the West lines of the property of Defendants and Mr. Sidney Raymond with the original title of Davis Egle. The Davis Egle title calls for a width of one hundred and four and one-half feet all of the way from East to West, yet, according to Mr. Thomas’ survey the width of the properties of the Defendants and of Sidney Raymond together with twenty-five feet of Egle Street measure 109.5 feet, that is twenty-five feet forming the North half of Egle Street, fifty feet forming the West line of the property of Sidney Raymond and thirty-four and five-tenths feet forming the West line of the property of Defendants. As previously stated the successors in title of Davis Egle cannot encroach upon the property originally belonging to Andre Adams yet according to Mr. Thomas’ survey (Plat marked D-3) the North line of the property of the Defendants at Federal Avenue is five feet North of its true location and 3.1 feet North of its true location on its Eastern line. Mr. Delaune testified that according to his survey the line dividing the property of Plaintiff Col-gin from that of the Defendants falls 1.3 feet on the driveway of Defendants. This driveway appears to be right on the line established by Mr. Thomas which as above noted is off five feet. Therefore, the Defendants, have nothing to complain about.
“It being my opinion that Plaintiff has proven by a preponderance of the evidence, which I deem unnecessary to analyze, that:
“1. He never agreed to or acquiesces in any survey or boundary line.
“2. The pleas of the prescription of ten years and title by possession of ten years are unfounded, and
“3. The ideal and correct boundary line between the properties of Plaintiff and Defendants is as established by *827 Mr. Delaune’s survey, I will render judgment accordingly.
“It also appearing from the evidence that Defendants have a part of their ■driveway and possibly other things which encroach upon the property of Plaintiff judgment will also be rendered ordering Defendants to remove any encroachments upon the property of Plaintiff.
“As the uncontradicted evidence shows that Plaintiff offered Defendants to amicably fix the boundary line separating their respective properties and that Defendants refused this offer I will render judgment casting defendants for all costs of this suit.”
Judgment affirmed.